## DREES v. THE STATE.

1. CRIMINAL LAW : *Breaking partition fence.    Trespass.*
   It is not a misdemeanor for one to break a partition fence between his lot and another's, and the common property of both. Nor is it a trespass for him to knock off the plank added to it by the other; but destruction of such fence would be a trespass.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

Drees v. The State.

STATEMENT.

Drees was convicted and fined ten dollars in a Justice's Court, in Little Rock, for malicious mischief in breaking an enclosure, and appealed to the Circuit Court, where, by consent, the cause was submitted to the court sitting as a jury, and he was again found guilty and his punishment fixed at a fine of twenty dollars and imprisonment in the county jail for twenty days, if the fine and cost were not immediately paid.

The facts appearing from the evidence were, that there was a partition fence between the lots of the defendant and one Demarsh, the prosecutor, in the city of Little Rock, over which the defendant's children were in the habit of climbing and entering upon the premises of Demarsh. To prevent this Demarsh first had some strips nailed upon the upper rail of the fence, and extending above the fence. These the defendant knocked off. Demarsh then got plank eight feet long and nailed them up where the stips had been, making the fence two feet higher than before, and the defendant with a hand axe broke them off. The fence was the common property of both.

*C. B. Moore, Attorney-General*, for appellee:

Contended that the conviction was proper under the Act of 1875, (January 21st) and the proof.

HARRISON, J. This was a prosecution under the act of January 21st, 1875 to protect enclosures from trespasses.

The act declares "That if any person shall ride, range or hunt within the enclosed grounds of another, without the consent of the owner previously obtained, or shall pull down or break the fence, or leave open the gate of the farm, plantation or other enclosed grounds of another, the party so offending shall be guilty of a misdemeanor, and upon convic-

tion thereof, before a Justice of Peace or other court having jurisdiction of such offense, shall be fined in any sum not less than ten dollars nor more than one hundred dollars, and in default of the payment of such fine, shall be imprisoned in the county jail not less than ten nor more than thirty days."

The evidence showed that the fence the defendant was charged with breaking, was the partition fence between the lots of himself and Demarsh, the prosecuting witness, and the common property of them both.

Having the same right in the fence, and equal power and control over it with Demarsh, he did not commit a trespass in knocking off the planks Demarsh had added to it; 2 *Hill, on Torts,* 277; *Cooley on Torts,* 327; *Freem, on Coten. and Part,* secs. 298, 299; *Cubitt* v. *Patin,* 8 *Barn. & Cress,* 257; *Bennett* v. *Bullock,* 35 *Penn. St.,* 364.

Had he, however, pulled down and destroyed the fence, such destruction of the common property would have been a trespass, but we are not called upon to say whether he would have been liable to an indictment or prosecution therefor.

As the fence was the common property of the defendant and Demarsh, the finding of the court that it was broken by the defendant without the consent of the owner was not sustained by the evidence.

The judgment is reversed and the cause is remanded with instructions to grant the defendant a new trial.